48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Howard MOSELEY, JR., Defendant-Appellant,
 No. 94-50098.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1995.
Decided Feb. 27, 1995.
 
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the facts, so we need not recite them here. We affirm the district court's evidentiary ruling excluding the testimony of Special Agent Schroeder. The district court did not abuse its discretion in excluding the proposed testimony on the ground that it was inadmissible hearsay. Agent Schroeder testified he had no personal knowledge that Roberto Sheldon Brown (aka "Casper") personally coerced people into committing robberies. The defense's proffer did not demonstrate that Schroeder had any familiarity with the defendant. Even assuming Schroeder's testimony was not inadmissible hearsay, it was not probative of defendant's state of mind. As the district court observed, Moseley was the best person to testify about his state of mind. Furthermore, assuming the testimony was probative on the ground that it corroborated Moseley's reasonable fear of Casper, its value was outweighed by its potential prejudicial impact. See Fed.R.Evid. 403.
 
 
 3
 This ruling did not deprive Moseley of his due process right to a fair trial. Compare Washington v. Texas, 388 U.S. 14, 23 (1967) (state statute arbitrarily deprived defendant of right to call witness "who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material to the defense" (emphasis added)); see also Chambers v. Mississippi, 410 U.S. 284, 295, 302 (1973) (the defendant's right to present evidence is not absolute).
 
 
 4
 After individually questioning two jurors involved in alleged juror misconduct, the district court determined that no misconduct occurred, and this conclusion is entitled to "substantial weight." United States v. Armstrong 909 F.2d 1238, 1244 (9th Cir.), cert. denied, 498 U.S. 870 (1990). "The test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." Id. (quotation omitted). "When a wise and experienced judge, who presided at the trial and observed the jury, comes to [a conclusion that any misconduct did not affect defendant's right to a fair trial], it is not for us to upset it." Id. (quotation omitted). Both jurors in this case not only denied that the conversation was as the law clerk had described, but also told the court they had not arrived at an opinion on guilt or innocence and that they could fairly deliberate with the other jurors. This is strong evidence against prejudice. See United States v. Shapiro, 669 F.2d 593, 601 (9th Cir.1982). The district court therefore did not abuse its discretion in denying Moseley's motion for a mistrial based on the alleged juror misconduct. Moseley now also complains about the manner in which the district court conducted the questioning of the jurors. However, his failure to raise that issue before the district court waived it, and we find no plain error. See United States v. Olano, 113 S.Ct. 1770, 1776-79 (1993).
 
 
 5
 We also affirm Moseley's sentence. The district court did not err in enhancing the base offense calculation by two levels for an express threat of death. See U.S.S.G. Sec. 2B3.1(b)(2)(F). The record reveals that the district court considered and rejected the imperfect duress argument, including Moseley's argument that he did not write or read the note he gave to the bank teller. This is a valid basis for finding Moseley legally responsible for the note. Furthermore, the record discloses the relevant evidence, its sources, the point of conflict, and the district court's resolution of the conflict. The district court's findings were adequate and the enhancement was proper.
 
 
 6
 The transcript of the sentencing hearing demonstrates that the district court determined Moseley was not entitled to an adjustment for acceptance of responsibility, not that it lacked the authority to make an adjustment under U.S.S.G. Sec. 3E1.1. The record does not support Moseley's contention that the district court denied the adjustment simply because the jury rejected Moseley's duress defense. The district court did not abuse its wide discretion in assessing Moseley's remorse and denying him a downward adjustment for acceptance of responsibility. See United States v. Burrows, 36 F.3d 875, 883 (9th Cir.1994); United States v. Johnson, 956 F.2d 894, 905 (9th Cir.1992).
 
 
 7
 The record also makes clear that the district court considered and rejected the merits of Moseley's claim for a downward departure based on incomplete duress (U.S.S.G. Sec. 5K2.12). Cf. United States v. Belden, 957 F.2d 671, 676 (9th Cir.) ("Because the court's decision not to depart did not appear to rest on the judge's belief that departure was prevented as a matter of law, we decline to review the decision."), cert. denied, 113 S.Ct. 234 (1992). We lack jurisdiction to review the district court's discretionary refusal to depart downward. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993).
 
 
 8
 The judgment of conviction and the sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3